HAYNES ET AL. *v.* THE STATE, EX REL. SWOPE ET AL.

MOTION FOR NEW TRIAL.—*Surprise.*—Where a party to a suit, with a view to influence his action, tells his adversary that certain matters in issue by the pleadings will not be controverted on the trial, it will not be negligence in him to rely upon such statement and omit to procure evidence to prove what the other party has thus told him would not be denied; and if such matters are controverted by the testimony of the party making such statement, the party thus misled will be entitled to a new trial on the ground of surprise.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellants.

*T. J. Kane* and *A. F. Shirts*, for appellees.

OSBORN, J.—This was an action by the appellees against the appellants upon a guardian's bond.

It is alleged in the complaint, that the appellant Francis V. Haynes was appointed guardian of the person and estate of the appellee Mary J. Swope, on the 5th day of May, 1866, and, together with the other appellant, David Bailey, executed the usual bond and became her guardian, and entered upon the discharge of his duties and trust as such, under his appointment; that she was then fifteen years of age, and that about one year before the commencement of the action she intermarried with her co-plaintiff, Alfred J. Swope, who is of full age. A copy of the bond is filed.

The breaches assigned are, that he failed to report to the proper court the amount of money that came into his hands belonging to her, within the time prescribed by law; that he failed to charge himself with the sum of six hundred dollars, which came to his hands, belonging to her, or with the interest which accrued thereon; and that he failed to report to the proper court, every two years, his doings in the guardianship.

The appellants filed an answer of three paragraphs:

1st. The general denial.

2d. That the guardian had fully accounted for and paid over to the appellee Mary J. all moneys that ever came into his hands as her guardian, together with all interest accruing thereon.

3d. That the guardian did fully account and report to the court of common pleas of Hamilton county, the court from which his appointment issued, every two years, a full statement of all moneys received and disbursements made by him; and that before the commencement of the action, and after the marriage of the ward, as alleged in the complaint, he had a full and complete settlement with her and her husband, and paid over and accounted to him for all moneys and effects in his hands, and took his receipt therefor.

It is alleged that there was a mistake in the receipt; that it should have been in full of all demands.

The appellees filed a reply to the second and third paragraphs of the answer:

1. The general denial. The second was to the third paragraph of the answer. It alleges that the receipt mentioned was only intended to embrace some articles furnished Mary J. at her marriage, and that there was no mistake in its language. No demurrer was filed by either party.

The cause was tried by the court, who found for the appellees, assessed the damages at two hundred dollars, and rendered judgment on the finding.

A motion for a new trial was filed, and in the motion are stated the following causes:

Haynes *et al. v.* The State, *ex rel.* Swope *et al.*

1. Surprise by the testimony of Mary J., in this, that she and others in her behalf represented to the appellant Haynes, before the trial of the cause, that there would be no controversy about his credits that he had taken as guardian. But that the suit was for moneys which he had failed to charge himself with; that on the trial and to his surprise, all the testimony introduced by the appellees applied to and was for the purpose of disproving and reducing his credits, and nothing was shown tending to prove that he had not charged himself with all moneys coming into his hands; that he was also surprised by her testimony, in this, that after admitting to him on divers occasions that he had settled with her all of the estate, she denied the same, as a witness on the trial, and stated that she had received no money, goods, or effects from him. It is stated that he was surprised by her testimony in the case in several other particulars in which, as a witness in the case, she denied what she had admitted to him before the trial, in which admission before the trial she had told him that she would not deny the receipt of certain articles and payments by him, on the trial.

2. That the damages were excessive.

3. That the finding was not sustained by the evidence.

4. That the finding was contrary to law.

5. Newly-discovered evidence which could not have been discovered before the trial by the use of reasonable diligence.

Haynes filed an affidavit with his motion for a new trial, in which he swears that the matters set forth in the first and fifth reasons were true; that by reason of the representations as therein set forth, he was greatly surprised and misled and unable to make a full defence. He believes that if a new trial is granted to him, he will be able to show that he does not owe the relatrix anything, and that he has fully accounted to her for all moneys coming to his hands as guardian; that the newly-discovered evidence mentioned in his motion for a new trial is embraced in certain affidavits filed.

Haynes *et al. v.* The State, *ex rel.* Swope *et al.*

with his motion ; that all the matters set forth in those affi-
davits are true as he believes, and that he could not have
discovered the evidence before the trial by the use of ordi-
nary diligence.   Nor could he have known that the same
would have been material or useful to him on the trial by
reason of the misrepresentations of the relatrix, whereby he
was misled as to the nature of the evidence required to meet
her cause of action.

The motion was overruled, and the appellants excepted
and filed a bill of exceptions setting out the evidence in the
cause and the affidavits mentioned in the motion and affida-
vit of the appellant Haynes.

It is not necessary to set out the matters shown in the
affidavits filed with the motion for a new trial.   They fully
sustain all that is alleged in the first reason in the motion,.
and show that a fair trial was not had in the case ; that the
guardian, Haynes, had settled and paid her in full, and that
she had acknowledged it on several occasions ; that after the
commencement of the action she admitted that she had been
fully paid, and that she brought the action because she had
been told that she could collect it again from the appellants on
their bond.   The appellant relied upon her statements as set
forth in the motion and failed to procure the evidence to
establish his defence, as he would have done if the represen-
tations had not been made.   When a party to a suit, with a
view to influence his action, tells his adversary that certain
matters, which appear by the pleadings to be in issue, will
not be controverted on the trial, it will not be negligence in
him to rely upon it and omit to get evidence to prove what
the other party has thus told him will not be denied.

Looking at the evidence as it appears in the bill of excep-
tions and the affidavits filed with the motion for a new trial,
we think it clear that the appellants were surprised by the
testimony of the relatrix.   Her testimony is in conflict with
the statement in those affidavits, whilst they corroborate and
sustain the testimony of the appellant Haynes.   If the state-
ments in those affidavits are true, great injustice was done

the appellants in the trial of the cause.   A finding obtained under such circumstances ought not to be sustained.

As the court ought to have granted a new trial for the first reason stated in the motion, it will not be necessary to notice either of the other reasons.

The judgment of the said Hamilton Circuit Court is reversed, with costs.   The cause is remanded to said court, with directions to grant a new trial, and for further proceedings, etc.