DUFFY v. THE STATE.

[No. 19,163.   Filed February 23, 1900.]

CRIMINAL LAW.—*Robbery.*—*Indictment.*—*Larceny.*—The offense of larceny is included and involved in the charge of robbery, and one may be properly convicted of larceny under an indictment charging robbery.  *p. 252.*

SAME.— *Robbery.*— *Indictment.*— *Larceny.*—Where defendant was charged with robbery and convicted of the lesser offense of larceny, he is not in a position to complain on the ground that the evidence showed that the crime committed was that of robbery.  *pp. 252, 253.*

From the Marion Criminal Court.   *Affirmed.*

*Frank Hendricks,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

JORDAN, J.—Appellant was charged with the crime of robbery, and, on a trial before a jury was convicted of petit larceny.   A motion for a new trial, which assigned as errors the giving of certain instructions, and also that the verdict was contrary to law and the evidence, was overruled.   The court adjudged that appellant be imprisoned in the State's prison for an indeterminate period of not less than one and not more than three years, and that he be fined in the sum of $1, and disfranchised and rendered incapable of holding any office of trust or profit for a period of one year.

The sole error assigned is the overruling of the motion for a new trial.   His counsel complain of the third, ninth, and tenth instructions in the series given by the court on its own motion.

The indictment charged that appellant, at the time and place therein named, "did feloniously, violently, and forcibly make an assault upon Francis Leak, and did then and there and thereby feloniously and forcibly, with violence and by putting in fear, steal, take, and carry away from the person of the said Francis Leak $6 in money, of the value of $6 of the property of the said Francis Leak," etc.

Duffy v. State.

By the third instruction, the court, after reading to the jury the statute defining the offense of petit larceny, informed them that, under the indictment, the defendant might be convicted of that crime if they were satisfied, beyond a reasonable doubt, that the property was taken by the defendant from the prosecuting witness, but was not taken by force or by putting him in fear. The ninth charge in part is as follows: "If you and each of you are satisfied beyond a reasonable doubt that this defendant, at the time and place and in the manner and form charged in the indictment, did feloniously steal, take, and carry away the personal goods of said Francis Leak of the value of less than $25, then it is your duty to find him guilty of petit larceny, and find his age." By the remainder of the same charge, the court advised the jury in regard to their right, in the event they found the defendant guilty of petit larceny, to assess his punishment, if they deemed it sufficient, at imprisonment in the Marion county jail or workhouse for any determinate period not exceeding one year, and that he be fined in any sum not exceeding $500, and disfranchised and rendered incapable of holding any office of trust or profit for a determinate period. By the tenth charge, the court informed the jury that if they had a reasonable doubt of the defendant's guilt of the charge of robbery, as charged in the indictment, it was their duty to resolve that doubt in his favor, and he should be acquitted; or that, if each of them had a reasonable doubt that the defendant did feloniously steal, take, and carry way the personal goods of the said Leak, as charged in the indictment, then that doubt should be resolved in his favor, and he should be acquitted.

Counsel for appellant contends that, under the evidence, if the accused is guilty of any crime it is that of robbery, as it is asserted that the evidence conclusively shows that the prosecuting witness was robbed of his money; but it is insisted that appellant had no part in the transaction.

The principal objection urged in respect to the instructions, especially to the third, and ninth, is that they are not applicable to the evidence, inasmuch as the latter establishes, as contended, that the crime perpetrated was robbery, and not larceny. It is further contended that the issue involved for the jury to determine was not as to whether the crime committed was robbery or larceny, but the question was as to whether defendant "had anything at all" to do with committing the offense of robbery.

The objection urged against the instructions is wholly without merit. The third instruction, when construed along with the ninth and others embraced in the court's charge to the jury, is substantially correct. It is true the principal charge against appellant, under the indictment, of which he was convicted, is that of robbery. The offense, however, of larceny is included and involved in that charge. If the jury entertained a reasonable doubt as to the defendant's guilt of the greater offense, namely, that of robbery, as charged in the indictment, then it was their province and duty to acquit him of that crime; but they were not required, as counsel apparently insist, to acquit him entirely; for, if they believed from the evidence, beyond a reasonable doubt, that he was guilty of the offense of petit larceny, as charged in the indictment, it was their province and right to find him guilty, as they did, of that offense. *Hickey* v. *State*, 23 Ind. 21; *Rains* v. *State*, 137 Ind. 83; *Vancleave* v. *State*, 150 Ind. 273; §1904 Burns 1894, §1835 R. S. 1881 and Horner 1897.

Robbery is said to be larceny in an aggravated form, for the reason that the goods or money are forcibly and feloniously taken from the person of the owner by violence or by putting him in fear. *Bonsall* v. *State*, 35 Ind. 460; *Arnold* v. *State*, 52 Ind. 281, 21 Am. Rep. 175.

Although the indictment in the case at bar was for robbery, nevertheless, it necessarily involved the question of the larceny of which the accused was convicted. It is true, as

counsel insist, that if the jury considered the witnesses who testified upon the part of the State worthy of belief, their evidence established that the crime committed was robbery, and that appellant, along with others, was guilty of committing that crime. But the jury, in their wisdom, seem to have believed that the accused was guilty of the lesser offense, and convicted him accordingly. Of this decision of the jury, appellant, under the circumstances, is not in an attitude to complain.

There is no error, and the judgment is affirmed.