## ANDERSON *v.* STATE OF INDIANA.

[No. 25,452. Filed June 7, 1928.]

*Claude A. Lee,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MARTIN, J.—The appellant was convicted of the crime of sodomy under Acts 1905, ch. 169, §473, §2566 Burns 1926. The only question raised and sought to be presented arises under the assignment that the court erred in overruling appellant's motion for a new trial, which is based solely on the sixth and eighth subdivisions of §2325 Burns 1926, viz: "accident or surprise which ordinary prudence could not have guarded against" and "newly-discovered evidence, material for the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial."

The appellant's sister-in-law, who was ten years of age, was the prosecutrix. She testified that the appellant took her, alone, to a vacant house, (which he had rented and into which he and his wife, her older sister, were about to move), and there perpetrated the crime. The appellant, in an affidavit filed with his motion for a new trial, alleged that, before his trial and while he was confined in the county jail, his wife visited him and informed him that if he would turn over to her $65, which was all his money, she would see the prosecuting attorney and have the prosecution dismissed; that he relied upon these representations, gave his wife the money, and was not prepared for trial "in the way of witnesses, money and defense." He was, however, represented at the trial by counsel.

The courts are careful to see that a miscarriage of justice shall not occur through surprise or mistake, but they will not grant relief unless it appears that the surprise or mistake was in no way attributable to a defendant's negligence or lack of diligence. *Ex parte Walls* (1878), 64 Ind. 461. Appellant's "sur-

prise," resulting from his wife's testifying at the trial, instead of prevailing upon the prosecutor to dismiss the prosecution, is not such surprise that "ordinary prudence could not have guarded against."

Denial of the right and opportunity to prepare for trial is a ground that can be included as cause for a new trial (16 C. J. 1129; §2325 Burns 1926), but considering the nature of the charge against appellant it seems to us that ordinary prudence and proper diligence would have required him to anticipate what his wife did and to have avoided the situation of unpreparedness of which he complains. The state, and not his wife, was appellant's adverse party, and the rule, announced in the case of *Haynes* v. *State, ex rel.* (1873), 45 Ind. 424, cited by appellant, is not applicable here. It was there held that where a party to a suit tells his adversary that certain matters in issue will not be controverted, it will not be negligence for him to rely on such statements and omit to procure evidence to prove what the other party has told him would not be denied, and if such matters are controverted, the party misled will be entitled to a new trial on the ground of surprise.

Moreover, appellant did not properly save his point at the trial, as he failed to ask for a continuance or postponement. *Stalcup* v. *State* (1891), 129 Ind. 519, 28 N. E. 116; 20 R. C. L. 287. A party who claims no surprise at the trial is not allowed to speculate on the verdict, and, when it is found against him, claim the right to a new trial on the ground of surprise. 16 C. J. 1128, 1129.

Granting a new trial on the ground of accident and surprise is within the sound discretion of the trial court, *Todd* v. *State* (1865), 25 Ind. 212; 20 R. C. L. 286, and we cannot say in this case that the court abused its discretion.

The alleged newly-discovered evidence set up in affi-

davits in support of the motion for a new trial is: (1) That Harriet M. Heckman would testify that she rented the house at 816 Monroe street (where it was proved the crime was committed) to appellant on June 26, 1926 and "late in the middle of the afternoon" delivered the key to appellant's wife and that at that time appellant was with his wife and infant child; (2) that Cora M. Grady would testify that appellant, in company with his wife and child, was in front of a restaurant where the witness worked between 5 and 6 p. m. on June 26, 1926, that he introduced his wife to the affiant and talked for four or five minutes and then started in the direction of their home at 520 S. Fifth street. Appellant also alleges in his motion for a new trial; (3) that the manager of the furniture store where appellant bought the furniture, including a gas stove, for the house to which he was moving, would testify from his records that the goods were selected June 19, payment made on June 28 and goods delivered June 29, 1926. (This item of alleged newly-discovered evidence is supported only by an exhibit purporting to be a copy of a statement of the furniture dealer showing the said dates, appellant explaining that the furniture dealer "refused to sign any affidavit in this matter.") The prosecutrix testified at the trial that the offense was committed "June 26, 1926 . . . in the afternoon, towards night" . . . "just about dusk," . . . but that "there were no lights." Her sister, appellant's wife, testified that appellant at noon on June 26 went to a plumbing shop to get a pipe fixed to attach a gas stove at 816 Monroe street. The appellant himself testified that he had the pipe cut at the plumbing shop at noon June 26 and then went to the Monroe street house and connected up the stove before he had his noon-day lunch. He testified that this occurred on Monday or Tuesday and that they moved into the house on Wednesday. Later

on cross-examination by the state he was handed a calender for the month of June, 1926, and then testified that June 26 came on Saturday. The alleged newly-discovered evidence concerning appellant's whereabouts on the afternoon of June 26 is not necessarily in conflict with the testimony given at the trial. The alleged newly-discovered evidence concerning the day upon which the gas stove was installed in the house may have tended to show the crime was committed on June 29 instead of June 26, 1926, but since the affidavit against appellant was filed December 1, 1926, and since time was not of the essence of this offense, such a variance would be immaterial.

Motions for a new trial on the ground of newly-discovered evidence are received with great caution, and careful scrutiny is given to the evidence alleged to have been discovered. Facts showing due diligence must be alleged and shown in support of the motion. The newly-discovered evidence, in order to warrant the granting of a new trial, must be very material and decisive in character and be such as to raise a strong presumption that it, in all probability, will bring about an opposite result on another trial. *Hines* v. *Driver* (1885), 100 Ind. 315; *Ludwig* v. *State* (1908), 170 Ind. 648, 85 N. E. 345; *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996; *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320; 20 R. C. L. 290.

The granting of such a motion rests in the discretion of the court, 16 C. J. 1183, and we believe the court exercised soundly its discretion in overruling appellant's motion on this ground.

Judgment affirmed.