LAKE *v.* STATE OF INDIANA.

[No. 30,525. Filed September 25, 1967.]

*Clarence D. Bolden, John O. Moss* and *Bernard Huff,* all of Indianapolis for appellant.

*James Manahan,* Deputy Attorney General, for appellee.

LEWIS, J.—This is an appeal from a conviction of second degree burglary and auto banditry. The charges were lodged by affidavit filed pursuant to Burns' Indiana Statutes, Anno.,

§§ 10-701 and 10-4710 respectively, [1956 Repl.]. Appellant asserts error of the Court in overruling his motion for a new trial. He argues that his motion for a new trial should have been sustained on the following grounds: (1) newly discovered evidence; and (2) that there was insufficient evidence presented at trial to support the convictions rendering the convictions contrary to law.

The specification of error in the motion for a new trial with reference to newly discovered evidence did not present any question for the Trial Court because the motion was unverified and unaccompanied by affidavits. The motion failed to set forth the precise nature of the newly discovered evidence. The motion also failed to state the reasons, if any, why this evidence wasn't presented at trial. Burns' Indiana Statutes, Anno., § 9-1903, [1956 Repl.].

The failure to produce an affidavit of the witness, or to show a good reason for not producing it, is fatal to a motion for a new trial on the grounds of newly discovered evidence. *Lawrence; Morman* v. *State* (1963), 244 Ind. 305, 192 N. E. 2d 629, quoting in authority from *Spaulding* v. *State* (1904), 162 Ind. 297, 70 N. E. 243.

The appellant failed to assert the ground of the newly discovered evidence in the argument section of his brief and aside from the other deficiency noted at the trial court level, this specification is, therefore, waived under Supreme Court Rule 2-17(f), 1964.

The evidence revealed that appellant and others had attempted to burglarize a television store. They were removing certain television sets, tools and supplies and placing them in a truck when a policeman interrupted their operations by shining a light on them. They fled, but the officer recognized the appellant and later identified him. Appellant argues that there is insufficient evidence to prove that the television store was not a place of human habitation and appellant apparently contends that the evidence is not

sufficient to show him guilty of second degree burglary, but rather proves if anything, first degree burglary. We consider this argument similar to the argument made by appellant in *Duffy* v. *State* (1900), 154 Ind. 250, 56 N. E. 209. In *Duffy*, supra, the Court decided that where the defendant was charged with robbery and was convicted of the lesser offense of larceny, he is not in a position to complain on the ground that the evidence showed that the crime committed was that of robbery.

However, under the facts adduced on trial, we believe that appellant's argument is without merit since the place burglarized was referred to in the trial as the "store" or "place of business". There was absolutely no evidence introduced by the State or the defense that this was a place of human habitation.

Appellant asserts that the ownership of the chattels in question lacks proof. The store owner's testimony established a lawful possessory interest in the goods. We hold that it need not be proven that the absolute ownership of the property allegedly taken be in the person alleged to be the owner, but it is sufficient if the evidence shows him to be in lawful possession of the property. It is of little concern wheher he holds as bailee, agent, trustee, or personal representative. *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27; *Smith* v. *State* (1961), 241 Ind. 598, 172 N. E. 2d 673.

The State of Indiana has met its burden of proving ownership with the evidence introduced. This appeal does not present any error for reversal.

Judgment affirmed.

NOTE.—Reported in 229 N. E. 2d 724.