FULTZ *v.* STATE OF INDIANA.

[No. 30,829. Filed January 30, 1968. Rehearing denied March 20, 1968.]

44

*William D. Ruckelshaus,* of Indianapolis, and *Charles V. Livengood,* of Richmond, for appellant.

*John J. Dillon,* Attorney General, *Donald R. Ewers,* Assistant Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit with the crime of assault and battery with intent to kill. The affidavit, omitting heading, formal parts and signatures thereto, reads as follows, to-wit:

"Before me, Wayne L. Tash, Prosecuting Attorney, 17th Judicial Circuit of Indiana, personally came James M. Brockman who, being duly sworn, upon his oath says that Kenneth Fultz, late of Wayne County, State of Indiana, on the 20th day of July A.D., 1964, at and in the County of Wayne and State of Indiana, did then and there unlawfully and feloniously and in a rude insolent and angry manner touch and strike the person of one James M. Brockman, a human being, with the intent then and there to commit a felony, to wit: to unlawfully and feloniously kill the said James M. Brockman, then and there being con-

trary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Appellant entered a plea of not guilty to the affidavit. The cause was submitted on the affidavit and appellant's plea of not guilty. Trial was to the court without the intervention of a jury resulting in a finding of guilty as charged in the affidavit, and on such finding the appellant was sentenced to the Indiana Reformatory for a period of not less than two (2) years nor more than fourteen (14) years. On February 25, 1965, appellant filed his motion for new trial; such motion contained nineteen grounds, none of which are set out for reason hereinafter stated. The appellant's motion for a new trial was overruled May 25, 1965.

On October 1, 1965, appellant filed his supplemental motion for a new trial, which omitting heading, formal parts and signatures thereto, reads as follows, to-wit:

"The defendant, for his supplemental motion for a new trial in the above-entitled cause of action, moves the Court and asks that the previous motion heretofore filed herein on the 25th day of February, 1965 be amended and that same be reconsidered for the following reasons, to-wit:

1. That on the 3rd day of July, 1965, one Joseph E. Braughton executed an affidavit before James M. Trimble, a copy of which is attached hereto and made a part hereof, to the effect that he had acquired a certain nickel or crome-plated automatic pistol which he subsequently sold to one James Brockman.

2. That the pistol which was introduced into evidence in the above entitled cause as Exhibit #11 herein was, in truth and in fact, the property of James Brockman and had been sold to him by one Joseph Braughton and that, contrary to James Brockman's testimony, said gun was his property and not that of the defendant.

3. That the facts and circumstances which are set out above and which cast doubt and question upon the testimony of said James Brockman were brought to the attention of this defendant subsequent to the judgment of this Court and after the filing of the motion for a new

trial heretofore filed herein by the defendant on the 25th day of February, 1965.

4. That at the time of the trial of this cause, the defendant did not know of the knowledge of the facts herein presented by the affidavit executed by Mr. Braughton and that same could not be brought to the attention of this Court at the time of the trial of this cause, and which facts might very well have altered the opinion of this Court as to the authenticity and the credibility of the prosecuting witnesses' statement, and, furthermore, that the ownership of said gun bears greatly upon the defense of said cause and that same could have a complete and definite bearing upon the judgment of this Court.

5. That the facts presented herein were not discovered by this defendant until long after the trial of said cause, and that same is now being brought to the attention of this Court and that the defendant has previously brought the matter to the attention of this Court upon oral motion.

6. That in view of the additional evidence here set out, the defendant herein should now be granted a new trial and that the deliberation and proceedings herein were erroneous and that the prosecuting witness herein was guilty of perjury in the presentation of his evidence in stating that he had not seen said weapon nor did said weapon belong to him.

7. That such facts and matters as set out herein and in the affidavit attached hereto should be considered by this Court in the trial of this cause and a new trial should be ordered by this Court in the interests of justice to the defendant."

## "AFFIDAVIT

Comes now Joseph E. Braughton, and being duly sworn, deposes and says:

1. That he is a resident of Wayne County, Indiana, and lives at 108 North Fourth Street, Richmond, Indiana; that he is thirty-eight (38) years of age, and is employed as a hod carrier by occupation; that about thirty days prior to the 20th day of July, 1964 and to-wit about the 15th or 20th day of June, 1964, this affiant was employed as a hod carrier on the project known as the Friendship Home, construction work, Chester Pike north of Richmond, Indiana;

2. That he is acquainted with Kenneth Fultz and was so acquainted at such time, and that Kenneth Fultz was

also employed on said project, and my superintendent was James M. Brockman.

3. That in June of 1964 I engaged in a poker game with persons unknown to me by name, in Richmond, Indiana, and during the course of which poker game, one of the people playing offered a gun as security for a bet in the amount of $10.00, and to which bet I agreed, and I won the bet including the gun at that time; that said gun was a nickel or chrome plated Colt .32 automatic, and was not loaded; that the gun had the usual picture of a horse stamped on it and had black handles; that subsequent to that time James Brockman learned I had a gun and asked to buy it and I sold him the nickel or chrome plated automatic described above for the sum of $25.00.

4. I then took a job in Bloomington, Indiana and which lasted about ten days, and I then quit and went to Houston, Texas where I was employed for approximately eight months.

5. After returning to Richmond, Indiana, and only within the last week before making this affidavit, I learned of the conviction of Kenneth Fultz for assault and battery with intent to kill; that upon learning that a nickel or chrome plated revolver was involved, I informed Mr. Fultz I had sold a similar gun to Mr. Brockman; that I gave out this information as set out above as soon as I learned of the circumstances supposedly taken place and while I was absent from Richmond, Indiana, having had no knowledge of any arrest or pending action or trial involving Kenneth Fultz.

FURTHER AFFIANT SAITH NOT."

On October 1, 1965, the trial court overruled appellant's supplemental motion for a new trial.

Thereafter appellant filed his supplemental assignment of errors which reads as follows, to-wit:

"Appellant says that there is manifest error in the judgment and the proceedings of this cause in the trial court in this, to-wit:

The court erred in overruling appellant's supplemental motion for new trial.

For which error appellant prays that the judgment be in all things reversed."

The evidence most favorable to the State adduced in this cause may be briefly summarized as follows. On the afternoon of July 20, 1964, one James Brockman was leaving his place of employment and driving on a dirt road when the appellant in his automobile pulled in front of the prosecuting witness Brockman and stopped his car forcing Brockman to bring his car to a halt. The appellant got out of his car, walked back to the left side of the car in which Brockman was sitting, cursed him and said "Do you want it in there or do you want it out here?" At that time the appellant had a gun sticking in the waist of his pants. He pulled open the left front door, pulled the gun from his waist and pointed it at Brockman. In the scuffle Brockman was shot in the head by the gun that was in the hand of the appellant Fultz.

Delbert Sly testified that he saw the appellant reach down in his belt and pull out a gun, go over and grab Mr. Brockman's car door and open it. Sly then heard the report of the gun, and when he approached Brockman's car he saw Brockman lying in it with blood in the car. Thereafter one Merle Rogers testified that the appellant made the following statement to him "I just shot Jim Brockman." He further testified that the appellant stated "I did not mean to shoot him."

The sole question in this appeal is raised in the supplemental assignment of errors. The appellant's counsel in argument before this court waived all other issues and has not argued any of the other assignments of error embodied in the motion for new trial; therefore, the only question we are called upon to decide in the case at bar is whether or not the court abused its discretion in overruling the appellant's supplemental motion for a new trial.

The granting of a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court. *Farley* v. *State* (1962), 243 Ind. 445, 185 N. E. 2d 414; *Key* v. *State* (1956), 235 Ind. 172, 132 N. E. 2d 143.

A motion for a new trial disclosing newly discovered evidence should be received with great caution, and the alleged evidence should be carefully scrutinized. *Ward* v. *State* (1956), 235 Ind. 531, 135 N. E. 2d 509; *Anderson* v. *State* (1928), 200 Ind. 143, 161 N. E. 625.

In the *Anderson* case this Court held that the granting of the motion for a new trial on the grounds of newly discovered evidence rests in the discretion of the trial court, and stated further that:

"The newly-discovered evidence, in order to warrant the granting of a new trial, must be very material and decisive in character and be such as to raise a strong presumption that it, in all probability, will bring about an opposite result on another trial." 200 Ind. at 148.

In *Rector* v. *State* (1934), 211 Ind. 483, 190 N. E. 172, 7 N. E. 2d 794, this Court provided a test which the trial court should apply to determine the materiality of newly discovered evidence, and that test is whether or not such evidence probably would produce a different result upon a second trial.

It appears that the affidavit accompanying appellant's supplemental motion for a new trial is deficient in that it fails to show the gun allegedly sold to Jim Brockman by the affiant is the same gun used in the assault. On the basis of the affidavit filed we are unable to say the court committed error or abused its discretion in denying the supplemental motion.

We find no abuse of discretion on the part of the trial court and the judgment is affirmed.

Lewis, C. J. Arterburn, Hunter and Mote, JJ. Concur.

NOTE.—Reported in 233 N. E. 2d 243.