SPEARS *v*. STATE OF INDIANA.

[No. 269S31. Filed January 14, 1970. Rehearing denied February 26, 1970.]

*William B. Miller, Jacob S. Miller,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellant was charged with the crime of second degree burglary to which he entered a plea of not guilty. Trial by jury in the Henry Circuit Court resulted in a verdict of guilty and sentence to the Indiana State Prison for a term of not less than two (2) nor more than five (5) years. The overruling of appellant's motion for new trial is the basis for this appeal.

The evidence as viewed most favorably to the appellee is as follows. Shortly after midnight on January 10, 1966, pursuant to a telephone call, two deputies from the sheriff's office

drove to the vicinity of a business establishment located in Spiceland, Indiana, named Scroggins' Service. They parked the car and after about ten or fifteen minutes observed two men come from around behind the store and attempt to enter through a door, window, and overhead door. During this time, as a car or truck would pass on the street, the two men would go behind the building until it had driven by. At one point the two men walked directly up to the car in which the deputies were sitting, and it was at this point that one of the deputies, Officer West, got a clear view of the man whom he has identified as appellant.

The two men resumed their attempts to enter the premises and finally succeeded. According to the evidence, appellant entered the building and began handing his accomplice some chain saws from inside the premises which his accomplice then carried across the adjacent highway.

At this point the officers identified themselves, whereupon the two men fled on foot. The accomplice was captured but appellant was able to elude the deputies. Three days later on January 13, 1966, appellant was arrested at his Indianapolis residence and returned to the Henry County Jail. A third man, one Michael Wood, was also apprehended in connection with the alleged burglary.

Appellant raises several points which shall be considered in the order argued. First of all, he alleges that a new trial should be granted for the reason that appellant has newly discovered evidence. At trial, Michael Wood, who as previously noted was also arrested in connection with the burglary, testified on behalf of the state and identified appellant as a participant in the alleged crime. The "new evidence" which appellant now urges is a cause for granting a new trial relates to this witness' testimony, since it is contended that the witness failed to disclose a complete and accurate account of his previous encounters with the law, which information should have been before the jury to enable them to properly evaluate the

credibility of his testimony. The accompanying affidavit alleges certain information pertaining to the witness' prior criminal record which was not fully disclosed to the jury.

Appellant begins by asserting that he had no knowledge prior to trial that Woods would be put on the stand since his name did not appear on the affidavit and he was not mentioned by the prosecutor in his opening statement. However, the proper procedure, had appellant wished to further prepare before examining Woods was to ask for a continuance. *Johns* v. *State* (1968), 251 Ind. 172, 240 N. E. 2d 60. No continuance was requested nor objection of any sort made to the fact that Woods was called by the state to the witness stand.

Further, to justify a new trial on the basis of newly discovered evidence, it is well established that the newly discovered evidence must be material and decisive in character and be such as to raise a strong presumption that it will in all probability result in an opposite result on another trial. *Fultz* v. *State* (1968), 250 Ind. 43, 233 N. E. 2d 243; *Ward* v. *State* (1956), 235 Ind. 531, 135 N. E. 2d 509; *Rector* v. *State* (1934), 211 Ind. 483, 190 N. E. 2d 172; *Anderson* v. *State* (1928), 200 Ind. 143, 161 N. E. 625. No such showing is made here, and upon a careful reading of the specification of error in appellant's motion for new trial, and the accompanying affidavit, this court fails to see how a new trial could be justified on the basis of the newly discovered evidence set forth. The jury was aware that the witness had both been involved in this burglary as well as other burglaries, by his own admissions. Certainly, his credibility was in question and the jury stood well advised of this fact. It would be pure speculation to say that had the jury had all the information relative to his past criminal activity they would have attached different weight to his testimony. Nor does the newly discovered evidence proffered by appellant have any bearing on his own guilt or innocence, as would suggest a different result on retrial. Rather it tends merely to be impeaching in char-

acter and such has been held not to be sufficient. *Garner* v. *State* (1949), 227 Ind. 503, 505, 86 N. E. 2d 675; *Kuslulis* v. *State* (1930), 201 Ind. 660, 666, 171 N. E. 5; *Sutherlin* v. *State* (1886), 108 Ind. 389, 391, 9 N. E. 298.

Appellant cites the case of *Nepue* v. *Illinois* (1959), 360 U. S. 264, 3 L. Ed. 2d 1217. That case however is not pertinent to the issues raised here since in that case the defendant lied to the jury in regards to a promise made to him for consideration in return for his testimony, and the prosecutor *knew* that the testimony constituted a lie. Here however, there was no showing that such a promise had been made, much less a showing that the prosecutor knowingly allowed his witness to perjure himself on a matter bearing on his credibility.

The second point argued by appellant is that the verdict is not sustained by sufficient evidence and is contrary to law. First, it is argued that there was insufficient evidence to identify appellant as the perpetrator of the crime. Taking that evidence most favorable to the state however there remains the eyewitness identification of the deputy on the scene who testified unequivocally that appellant was the man he saw burglarize the store. Also appellant's accomplice testified that appellant participated in the alleged crime. Appellant's identity was without doubt established by substantial evidence of probative value and we deem no further comment necessary.

Another point raised under the sufficiency of the evidence question is that the evidence failed to show that the burglarized premises were not a place of human habitation as required by the statute defining second degree burglary. Admittedly the references to the burglarized structure throughout the testimony were such designations as "Scroggins' Service", "Scroggins' Appliance", "place of business" and "Scroggins' Store". At no place in the testimony offered by the state, appellant contends, does the evi-

dence expressly negate the allegation that the structure was "not a place of human habitation". A case directly on point however is that of *Lake* v. *State* (1967), 248 Ind. 451, 229 N. E. 2d 724, where this court unanimously held that a conviction was not contrary to law where the burglarized premises had been variously characterized as a store or place of business and there was absolutely no evidence that it was a place of human habitation. The theory behind such a holding goes back to the case of *Duffy* v. *State* (1900), 154 Ind. 250, 252-253, 56 N. E. 209, and is essentially that a criminal defendant may not complain about a lack of proof when the lack of the element of proof would establish a greater offense than the crime charged, as in this case—first degree burglary.

The final point raised is that the trial court committed an error of law at trial by overruling appellant's motion to strike the testimony of the deputy who made an in-court identification of appellant. Appellant contends that he was denied due process by the one-to-one pretrial confrontation which took place between appellant and the witness at the county jail. Appellant concedes that the rules espoused by the United States Supreme Court cases of *United States* v. *Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149 and *Gilbert* v. *California* (1967), 388 U. S. 263, 18 L. Ed. 2d 1178, do not apply to this case since those rules were expressly held not to apply retroactively and appellant's pre-trial confrontation took place before the date of those decisions. As to the question of whether appellant has been denied due process of law, the case of *Stovall* v. *Denno* (1967), 388 U. S. 293, 18 L. Ed. 2d 1199 held that the totality of the circumstances must govern. See also *McPhearson* v. *State* (1969), 253 Ind. 254, 253 N. E. 2d 226, 19 Ind. Dec. 561, 567. *Lewis* v. *State* (1969), 252 Ind. 454, 250 N. E. 2d 358. Appellant fails to show this court however in what way the procedures used at the confrontation were so suggestive as to violate his right of due process; nor can this court determine from the record that the circumstances surrounding the confrontation were such.

In fact, it appears that the only reason the confrontation even occurred is because Deputy West was one of the officers on duty at the county jail at the time appellant was brought in to be committed and it was his duty to receive the prisoners. There is no evidence that the confrontation was staged for identification purposes. Certainly the confrontation in this case is far from the types of confrontations with which the U. S. Supreme Court was concerned in *Wade, Gilbert* and *Stovall, supra.*

This court, having found no error in the trial court's overruling of appellant's motion for new trial, holds that judgment should be affirmed.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 254 N. E. 2d 196.