**Curtis B. REED, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 884S329.

Supreme Court of Indiana.

May 28, 1987.

Susan K. Carpenter, Public Defender, Margaret S. Hills, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of a post-conviction relief petition. In March of 1976, appellant was convicted of Kidnapping, a Class A felony, and Conspiracy to Commit Murder, a Class A felony. He was given a life sentence on the kidnapping conviction and an indeterminate two (2) to fourteen (14) year sentence on conspiracy to commit murder. This Court affirmed his conviction in *Curtis Bates a/k/a Curtis Reed v. State* (1977), 267 Ind. 8, 366 N.E.2d 659.

Appellant filed his post-conviction relief petition, alleging newly discovered evidence. Carl Mason, a coconspirator with appellant, testified in the original trial, as to how he, appellant and Welton Trautman carried out the killing of the decedent. At the trial, Mason testified that he had taken the decedent to a secluded area in a park on the rouse of obtaining drugs for him, that he had left him in the park with the promise of returning with the drugs but that he had gone home. It was at that location in the park where the decedent's body was found a short time later.

He also testified that appellant and Trautman had followed him to the park in a separate automobile. Larry Austin, a cell mate of appellant, testified at the original trial that he overheard appellant telling a third inmate that he had Trautman bring the decedent to the park and that he and Mason were the ones who did the shooting.

At the post-conviction hearing, Mason recanted his testimony, stating that appellant had nothing to do with the killing, that he simply made up that story because he thought that appellant had deliberately given him some contaminated drugs and that he wanted to get even with appellant. After hearing this testimony, the post-conviction court held that the petitioner had not met his burden of proof, in that he has:

"failed to establish that the testimony of Carl Mason satisfies the requirements for newly discovered evidence in that the testimony is: 1) merely impeaching; 2) that it is not worthy of credit; and 3) said evidence would probably not produce a different result at retrial."

The trial court cited *Baker v. State* (1976), 265 Ind. 411, 355 N.E.2d 251 to support its decision.

Appellant claims the trial court erred in finding and concluding that he failed to prove by a preponderance of evidence that he was entitled to post-conviction relief based on newly discovered evidence. In deciding whether or not to grant a new trial on newly discovered evidence, the trial judge has great discretion. He may weigh the evidence and evaluate its probable impact on a new trial in light of

the facts and circumstances of the original trial. *Emerson v. State* (1972), 259 Ind. 399, 287 N.E.2d 867. The basis for newly discovered evidence should be received with great caution and the alleged new evidence carefully scrutinized. *Fultz v. State* (1968), 250 Ind. 43, 233 N.E.2d 243.

 In the original trial, Mason's testimony was not the only evidence submitted by the State. As pointed out above, the testimony of Austin that he had overheard appellant describing the killing to another inmate was a factor to be considered by the trial judge in evaluating the probable result of a new trial. Although Austin's testimony differed from Mason's testimony at the original trial, both stories verified that Mason, appellant and Trautman conspired to kill the decedent. When Mason told the story in the original trial, he removed himself from the actual killing by stating he was the one who brought the decedent to the park, whereas when Austin overheard appellant telling the story to a third inmate it was Trautman who brought the decedent to the park and appellant and Mason who killed him.

Mason's testimony at the post-conviction hearing was of course an attempt to impeach his prior testimony. The trial judge was well within his province to doubt the recanting testimony and was well within his discretion in determining that the recanting testimony was not worthy of credit and it would not likely produce a different result at a new trial. The evidence in this record clearly supports the decision of the trial judge.

 Appellant next claims the trial court erred by failing to enter specific findings of fact and conclusions of law. Ind.R.P.C.R. 1, § 6, requires that findings of fact and conclusions of law on all issues be presented. In the case at bar, the trial judge did in fact make findings of fact and conclusions of law. It is true such findings of fact and conclusions of law are not lengthy, nor do they contain a great deal of detail. However, the question which was submitted to the trial court was very simple: Was Mason telling the truth at the original

trial or was he telling the truth at the post-conviction relief hearing?

If there was enough doubt to consider a new trial, the next question was whether or not Mason's changed testimony would likely change the result of a new trial. The post-conviction relief judge dealt with both of these questions and found against appellant in both instances. We hold that under the circumstances the post-conviction relief court's findings of fact and conclusions of law are adequate. *May v. State* (1975), 263 Ind. 690, 338 N.E.2d 258.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.