**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO-SE:

**SCOTT MILLER**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SCOTT MILLER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  44A05-1207-PC-376 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAGRANGE SUPERIOR COURT
The Honorable George E. Brown, Judge
Cause No. 44D01-0702-PC-1

**April 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant-petitioner Scott Miller is appealing the denial of his petition for post-conviction relief, arguing that the post-conviction court's order denying his request for relief was inadequate, and that, therefore, the case must be remanded for additional findings. Miller also claims that his appellate counsel was ineffective for failing to raise several issues on direct appeal, including the alleged incompetence of trial counsel because there was no objection to the admission of certain evidence at trial. However, it is also apparent that Miller is raising several freestanding claims of error.

To the extent that Miller is presenting freestanding claims, they are waived. Moreover, although the post-conviction court's order denying Miller's request for relief is somewhat cursory, it adequately addresses the issues that Miller presented on post-conviction relief. Hence, we need not remand for additional findings. Finally, we conclude that Miller failed to demonstrate that his appellate counsel was ineffective. Thus, we affirm the denial of Miller's petition for post-conviction relief.

## FACTS

The relevant facts, as reported in Miller's direct appeal to this court, are as follows:

> On February 26, 2003, a confidential informant ("CI-399") working for the Indiana Multi-Agency Group Enforcement Drug Taskforce ("Image") purchased 0.64 grams of methamphetamine from Miller. On March 10, 2003, a second confidential informant ("CI-387") working for IMAGE purchased more than 3.62 grams of methamphetamine from Miller. Each CI had been searched for contraband, provided with buy money, and equipped with a transmitter and a recording device before his buy. In each case, officers observed the CI enter Miller's residence, listened to the conversations that took place, and observed the CI exit Miller's residence.

2

After each buy, the CI gave the drugs to the police and was searched for contraband. The police also retrieved the audio recordings.

On July 28, 2004, the State charged Miller with dealing in methamphetamine as a Class A felony and dealing in a schedule II controlled substance as a Class B felony. A jury convicted Miller of both charges. He was sentenced to fifty years for the Class A felony and twenty years for the Class B felony, with the sentences to run concurrently.

Miller v. State, No. 44A03-0506-CR-259, slip op. at 2-3 (Ind. Ct. App. Mar. 16, 2006).

On direct appeal, Miller argued, among other things, that 1) the trial court abused its discretion in admitting audio recordings of drug sales into evidence because part of the tapes were unintelligible; 2) trial counsel was ineffective for failing to object to testimony regarding the weight of the drugs; and 3) the deputy prosecutor committed misconduct during voir dire. Slip op. at 3-10. We affirmed Miller's convictions.

On February 7, 2007, Miller filed a petition for post-conviction relief, arguing that the probable cause affidavit was defective, claiming that appellate counsel was ineffective because he did not challenge the validity of the probable cause affidavit and the admissibility of two exhibits from the Indiana State Police labs, and failed to challenge the sufficiency of the evidence regarding the weight of the drugs. Miller also claimed that his appellate counsel was ineffective because he did not argue that his trial counsel's performance was deficient for not objecting to the admissibility of the drugs and for not challenging the validity of the probable cause affidavit.

Following a hearing, the post-conviction court denied Miller's request for relief on July 3, 2012. The post-conviction court entered the following order:

3

After considering the evidence presented at the hearing . . . and reviewing the Defendant's filings, including his extensive and detailed proposed findings of fact and conclusions of law, the Court finds that the rulings of which the Defendant complains were, in fact, proper and that the evidence of which he complains was properly admitted. The Court further finds that, as was addressed in the opinion of the Court of Appeals, trial counsel was not ineffective in objecting to and addressing the evidence issues raised. The Court further finds that, while the Defendant may disagree with appellate counsel's performance and tactics in handling his appeal, appellate counsel appears to have adequately addressed the issues which the Defendant claims were not properly handled. Therefore, appellate counsel was not ineffective as alleged.

Appellant's Br. p. 16-17. Miller now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Post-conviction procedures do not afford the petitioner with a super-appeal. Williams v. State, 706 N.E.2d 149, 153 (Ind. 1999). Instead, they create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules. Id. If an issue was known and available, but not raised on direct appeal, it is waived. Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). A petitioner who has been denied post-conviction relief appeals from a negative judgment and, as a result, faces a rigorous standard of review. Dewitt v. State, 755 N.E.2d 167, 169 (Ind. 2001).

Post-conviction proceedings are civil in nature. Stevens v. State, 770 N.E.2d 739, 745 (Ind. 2002). Therefore, in order to prevail, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). When appealing from

4

the denial of post-conviction relief, the petitioner must convince this court that the evidence, taken as a whole, "leads unmistakably to a conclusion opposite that reached by the post-conviction court." Stevens, 770 N.E.2d at 745.

The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). We therefore accept the post-conviction court's findings of fact unless they are clearly erroneous but give no deference to its conclusions of law. Id.

## II. Miller's Claims

### A. Adequacy of Findings of Fact and Conclusions of Law

Miller first contends that the order denying his petition for post-conviction relief must be set aside because the findings of fact and conclusions of law are inadequate. Specifically, Miller maintains that the trial court's order is too cursory and it violated the requirements of Post-Conviction Rule 1(6), which provides that the post-conviction court must make "specific findings of fact and conclusions of law on all issues presented."

In addressing this contention, we note that although the order that the post-conviction court entered is, indeed, cursory, it <u>does</u> address the issues that Miller presented on post-conviction. The order also declares that the court found against Miller as to those issues. See Reed v. State, 508 N.E.2d 4, 6 (Ind. 1987) (observing that even though the findings of fact and conclusions of law were not lengthy and did not contain much detail, they adequately dealt with both of the questions that the petitioner raised and found against him).

5

We also note that even if a post-conviction court does not make specific findings, there is no reversible error or need to remand, as long as the issues are sufficiently presented for review and the parties address them on appeal. Herman v. State, 526 N.E.2d 1183, 1184 (Ind. 1988). Indeed, Miller amply briefed the issues, and the merits of his claims can be decided in this appeal without a need for more detailed findings by the post-conviction court. As a result, we decline Miller's request to set aside the denial of his petition for post-conviction relief on this basis.

## B.  Free-Standing Claims of Error

Although Miller presents most of his arguments in the context of ineffective assistance of appellate counsel, Miller impliedly attacks the validity of the probable cause affidavit and the admission of evidence as freestanding claims of error. Therefore, Miller has waived the errors that he presents as freestanding claims. See Bunch v. State, 778 N.E.2d 1285, 1289 (Ind. 2002) (observing that issues known and available but not raised on direct appeal are waived or procedurally defaulted and may not be raised on post-conviction relief).

## C.  Ineffective Assistance of Appellate Counsel

Miller argues that his petition for post-conviction relief should have been granted because his appellate counsel was ineffective. Miller appears to argue that appellate counsel was ineffective for not attacking the sufficiency of the evidence, and for not arguing that his trial counsel was ineffective for failing to object to evidence with respect to the weight of the methamphetamine.

6

To prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance resulted in prejudice. Bethea v. State, No. 18S05-1206-PC-304 (Ind. Mar. 12, 2013) (citing Strickland v. Washington, 466 U.S. 668 (1984)). To satisfy the first prong, the defendant must establish deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002) (quoting Strickland, 466 U.S. at 687-88)). To satisfy the second prong, the defendant must show prejudice, in that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. There is a strong presumption that counsel rendered adequate representation. Coleman v. State, 694 N.E.2d 269, 272 (Ind. 1998).

There are three categories of ineffective assistance of appellate counsel: 1) denial of access to appeal; 2) failure to raise issues that should have been raised; and 3) failure to present issues well. Wrinkles v. State, 749 N.E.2d 1179, 1203 (Ind. 2001). Our Supreme Court has observed that

> [w]hen a petitioner claims the denial of effective assistance of appellate counsel because counsel did not raise issues the petitioner argues should have been raised, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable. But this does not end our analysis. Even if we determine that counsel's choice of issues was not reasonable, a petitioner must demonstrate a reasonable probability that

7

the outcome of the direct appeal would have been different in order to prevail.

Taylor v. State, 840 N.E.2d 324, 338 (Ind. 2006) (internal citations omitted). We must determine "1) whether the unraised issues are significant and obvious from the face of the record; and 2) whether the unraised issues are clearly stronger than the raised issues." Gray v. State, 841 N.E.2d 1210, 1214 (Ind. Ct. App. 2006).

We also note that a petitioner must show both that appellate counsel's performance was deficient and that, but for the deficiency of appellate counsel's performance, trial counsel's performance would have been found both deficient and prejudicial. Timberlake v. State, 753 N.E.2d 591, 604 (Ind. 2001). A petitioner must establish the two elements of ineffective assistance of counsel with respect to both trial and appellate counsel. Id.

Here, Miller contends that his counsel on direct appeal should have argued that the probable cause affidavit was defective, or that trial counsel was ineffective for failing to object to its validity at trial. Notwithstanding these claims, Miller did not present any evidence at the post-conviction hearing establishing that the affidavit was defective. Hence, Miller cannot establish that appellate counsel was ineffective by giving priority to other claims that were actually raised on appeal. Similarly, Miller has failed to show that trial counsel was deficient for not objecting to the validity of the probable cause affidavit. Thus, Miller's claims fail with regard to this issue.

As for Miller's contention regarding appellate counsel's failure to challenge the sufficiency of the evidence as to the weight of the drugs, the evidence established that the methamphetamine was weighed on two occasions, the drug sales were recorded, and a chemist with an Indiana State Police Laboratory testified about the weight of the drugs at trial. Slip op. at 4, 7-9. The evidence was more than sufficient to support Miller's conviction. As a result, Miller's appellate counsel would not have prevailed had he challenged the sufficiency of the evidence with respect to the weight of the drugs.

Miller also claims that his appellate counsel was ineffective for failing to argue that the drugs were improperly admitted into evidence. Notwithstanding this claim, this Court established in Miller's direct appeal that he was not prejudiced by his trial counsel's failure to object to an Indiana State Police chemist's testimony regarding the admissibility of the methamphetamine. Indeed, other evidence established the weight of the drugs, including testimony from law enforcement officials, the confidential informant, and the lab results. Slip op. at 7; Ex. 2; Tr. p. 89, 124. As a result, Miller's claims fail.

In conclusion, Miller has not established that his appellate counsel was ineffective for failing to raise certain issues on appeal, including the alleged ineffective assistance of trial counsel. As a result, Miller's petition for post-conviction relief was properly denied.

The judgment of the post-conviction court is affirmed.

MAY, J., and MATHIAS, J., concur.

9