## WARD v. STATE OF INDIANA.

[No. 29,316. Filed June 19, 1956.]

*Philip M. Cagen,* of Valparaiso, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant is charged by affidavit with first degree arson. The charge is in substance that on February 8, 1955, appellant unlawfully and feloniously set fire to and burned a certain dwelling house which was furnished and occupied by him as his home with intent to defraud the insurer. Trial by jury resulted in a conviction of the appellant who was sentenced to a term for not less than two nor more than 14 years imprisonment in the state prison. The assignment of errors is based upon the specifications in a motion for a new trial which was overruled. These assignments consist of claimed error with reference to instructions; the admission of certain evidence over the objection that appellant's right against search and seizure was violated; that the evidence was not sufficient to sustain the verdict and was contrary to law and that newly discovered evidence entitled the appellant to a new trial.

The evidence most favorable to the state in this case is in substance as follows:

In the year 1947 the appellant entered into a written contract for the purchase of the property involved in

this charge of arson. At that time the house was a structure 15x20 feet with two rooms, a kitchen and a combination living room and bedroom. There was no bath. Subsequently, a small porch was added and enclosed and a partial basement constructed. A concrete foundation was put in as well as some plumbing and other improvements. $140.00 was paid down on the date of the contract and two payments totalling $230.00 were afterwards paid. The purchase price is not shown. The owner, however, maintained fire insurance in the amount of $2000.00. On January 8, 1955, appellant was in default and delinquent in the payments he owed on his purchase contract. At approximately that time he took out insurance on the house in the amount of $6000 and on the contents $2000.

About two o'clock P.M. on February 8, a fire started underneath the rear of the house approximately twenty minutes after appellant left the place. The Fire Department was called and extinguished it. About five o'clock the same afternoon a second fire started inside of the house and the Fire Department again extinguished it. About eleven o'clock the same evening the third fire started which practically destroyed the entire building before it was extinguished by the Fire Department. Following the second fire the appellant in substance stated, "I won't get anything out of this place now; I have a good notion to throw kerosene on it and light it up and let the place burn down."

The firemen and State Fire Marshal's office investigated the fire, took pictures of the place, and also seized certain materials including oil soaked rags and pieces of timber which were introduced as evidence at the time of the trial.

The evidence shows that the appellant was present at the first and second fires and did very little, if any-

thing, to extinguish them or remove any of the contents at the time of the third fire. Appellant claims he was visiting a relative at the time of the third fire. Appellant further claimed he had considerable money concealed in the house at the time of the fire which was totally lost.

The state contends that appellant's brief does not contain a concise statement of the evidence sufficient for this court to review the question of the sufficiency of the evidence to support the verdict. In connection with the recital of the evidence the state in its brief, contends that Exhibit 15, a statement made by the appellant, was introduced in evidence and is omitted from appellant's concised statement of the evidence. We have examined the appellant's brief and find that appellant does not state that this Exhibit 15 was ever introduced in evidence. We have further examined the transcript and find that although reference in testimony was made to this statement, apparently this exhibit was never introduced in evidence.

The state further says that 784 pages of recorded testimony in the bill of exceptions are encompassed in 87 pages of appellant's brief, and "it is quite apparent that much of the evidence is omitted." The party making such a contention should point out specific cases illustrating a defective recital of the evidence. Where there is a failure to point out any such omissions, this court will not examine the transcript of the testimony in search of any such errors. Rule 2-17 (d) of the Rules of the Supreme Court of Indiana, provides that the brief in such cases "shall contain a condensed recital" of the evidence. A reduction and condensation of the evidence is intended. To reduce 784 pages to 87 pages is certainly commendable if there are no material

omissions. In the absence of any specific showing of any omissions in the recital of the evidence, we accept the appellant's statement in his brief as correct.

Although appellant's acts were not those normally of a person who desired to save his property from a fire, still the proof as to his guilt is circumstantial and speculative at the most. We find no direct evidence showing that he had anything to do with the actual setting of the fires. We recognize on an appeal where the sufficiency of circumstantial evidence is in question that we will examine the evidence only to determine whether any inference may be reasonably drawn therefrom tending to support the verdict. It is for the jury and the trial court to determine whether the evidence is adequate to overcome every reasonable hypothesis of innocence. *Petillo* v. *State* (1950), 228 Ind. 97, 89 N. E. 2d 623; (Cert. denied, 340 U. S. 936, 71 S. Ct. 481, 95 L. Ed. 676; *Mandich* v. *State* (1946), 224 Ind. 209, 66 N. E. 2d 69; *Wahl* v. *State* (1951), 229 Ind. 521, 98 N. E. 2d 671.

We need not here reach a determination as to the sufficiency of the evidence to support the verdict. Our purpose only is to point out the weakness and dubious character of the evidence in connection with a consideration of appellant's contention that he is entitled to a new trial by reason of newly discovered evidence. This latter specification is supported by affidavits made a part of the motion for a new trial in one of which Herbert D. Davis states that on February 8, 1955 at approximately the times of 5:15 and 5:45 P.M. he set fire to the property in question. In the affidavit he describes how he did this by taking a five gallon can of oil and pouring it over the living room floor and then taking a lighted match which he placed in a book of matches, which in turn was placed

on the oiled portion of the floor. The other affidavits, which are uncontradicted, state that the confession of Davis did not come to the knowledge of the appellant or his attorney until after appellant's conviction. Davis was a witness at the trial. He stated he was a brother-in-law of the appellant and was at home with his (Davis') wife during the time all three fires occurred. The evidence at the trial further showed that Davis may have been motivated in harming the appellant, his brother-in-law, by reason of the fact that they were not on friendly terms. Davis had accused appellant of improper relations with Davis' wife. Following the fire in question, Davis had shot the appellant.

Newly discovered evidence as a basis for a motion for a new trial is received with great caution and should be carefully scrutinized. *Anderson* v. *State* (1928), 200 Ind. 143, 161 N. E. 625.

Newly discovered evidence if it is merely impeaching or accumulative is not sufficient grounds for the granting of a motion for a new trial. However, the fact that such evidence is impeaching or accumulative does not disqualify it if it is also material and direct upon the point of the innocence of an accused where only circumstantial evidence connects him with the crime charged. *Sanchez* v. *State* (1927), 199 Ind. 235, 157 N. E. 1; *Linkenhelt* v. *State* (1944), 223 Ind. 44, 58 N. E. 2d 111; *Rector* v. *State* (1937), 211 Ind. 483, 190 N. E. 172, 7 N. E. 2d 794.

A new trial should be granted if it appears probable that newly discovered evidence would produce a different result upon a second trial. If the evidence at the trial contained direct testimony and proof of an accused's guilt, although there was also conflicting and contradicting evidence on this point, the granting of a new trial in such a case would be within

the discretion of the trial court. Here, however, in view of the circumstantial nature of the evidence, coupled with the confession of Davis, who apparently had some motive, we feel there exists an abuse of discretion in the denial of the motion for a new trial. Acts 1905, ch. 169, §282, p. 584, being §9-1903, Burns' 1942 Replacement; *Sanchez* v. *State, supra* (1927), 199 Ind. 235, 157 N. E. 1; *Dennis* v. *The State* (1885), 103 Ind. 142, 2 N. E. 349; *Leverich* v. *The State* (1885), 105 Ind. 277, 4 N. E. 852.

Judgment of the trial court is reversed with instructions to grant the motion for a new trial.

Landis, C. J., Emmert, Bobbitt and Achor, JJ., concur.

NOTE.—Reported in 135 N. E. 2d 509.