JAY FRANKLIN HARDY v. STATE OF INDIANA.

[No. 1-773A129. Filed February 21, 1974.]

*K. Edwin Applegate, Applegate & Pratt,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Hardy) brings this appeal from a conviction in a trial by jury for second degree burglary. Of the two issues Hardy raises on appeal we examine only whether there was sufficient evidence to support the verdict of the jury. We conclude there was not.

The only evidence produced by the State which even tended to connect Hardy with the crime charged was the testimony of two police officers. Officer Luck observed a person running from the scene of the crime. The crime occurred at night, and the officer did not see the fleeing person's face. The following exchange occurred on direct examination:

"Q. Why is it that you believed it was Jay Hardy and, in fact, told some other officers that it was?

A. Well, I really am not sure. I had seen Jay Hardy several times just from my patrol duty or whatever and when I saw him, the build, the hair, the dress, everything more or less rung a bell in my mind."

The fleeing suspect wore blue jeans and a white T-shirt. Officer Luck stated that that had been Hardy's attire nine-tenths of the times he had seen Hardy in the past. On cross-examination he stated that he could not make positive identification that Hardy was the person he saw. Officer Williamson also testified that the fleeing suspect was Jay Hardy. However, on cross-examination he likewise stated that he could not make a positive identification. There was no circumstantial evidence offered which placed or tended to place Hardy at the scene of the crime.

The appellate standard of review when the evidence is challenged as being insufficient to sustain the verdict has been

often stated. Considering only the evidence most favorable to the State, a conviction will be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Lee* v. *State* (1972), 259 Ind. 301, 286 N.E.2d 840. In the case of *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641, Judge Emmert of our Supreme Court clarified this rule:

> "The rule of law defining proof beyond a reasonable doubt has been well settled for many years and requires each juror to be so convinced by the evidence that as a prudent man he would feel safe to act upon such conviction in matters of the highest concern and importance to his own dearest and most important interests, under circumstances where there was no compulsion or coercion upon him to act at all. (Citations omitted.) The standard of a prudent man is that of a reasonable man. If different persons might reasonably arrive at different conclusions from that reached by the trial jury, the verdict will not be set aside for that reason. (Citation omitted.) On the other hand if no reasonable man could find the evidence has proved an accused guilty beyond a reasonable doubt, a verdict would not be sustained by sufficient evidence." 138 N.E.2d at 644-45. *Accord, Gaddis* v. *State* (1969), 253 Ind. 73, 251 N.E.2d 658.

The State had the burden of proving beyond a reasonable doubt that it was Hardy who committed the crime charged. Where the only evidence connecting Hardy with the crime was the uncertain testimony of two police officers whose opportunity to observe was limited by darkness and the suspect's flight, it is our opinion that a reasonable man could not find the State's burden to be met.

Judgment reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 307 N.E.2d 292.