RAYMOND E. SHELBY *v.* STATE OF INDIANA.
[No. 1-276A21. Filed July 14, 1976. Rehearing denied August 25, 1976.

Transfer denied December 13, 1976.]

---

3.   See Trial Rule 75 (A).

*Richard L. Milan, Craven & Milan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shumacker,* Deputy Attorney General, for appellee.

## CASE SUMMARY

LOWDERMILK, J.—Defendant-appellant Raymond E. Shelby (Shelby) was charged in the Parke Circuit Court with the offense of theft of property over $100, tried to a jury and convicted, fined in the sum of $3,000, and sentenced for a term of not less than one nor more than ten years.

Shelby appeals and we affirm.

## FACTS

Carson Bushong owned a large farm adjacent to the Penn Central Railroad tracks in Parke County, Indiana. On the 25th or 26th of August, 1974, he was on the back side of his farm next to the railroad tracks to check his corn. He heard work on the tracks south of him and observed two men who he could not identify removing steel.

Then, on August 30th Mr. Bushong was mowing the roadside and weeds on the back of his farm next to the Penn Central tracks and heard work going on at the tracks. He went through the brush and observed two men loading the rails into two pickup trucks. One truck was a red Ford and the other a Chevrolet, greenish, bordered in white. Bushong went back to his house and then saw the same two trucks passing his house headed south. He followed them and observed and wrote down their license numbers. Following this Mr. Bushong notified the Penn Central which got one of their detectives to work on the case and the Parke County Sheriff was notified and his office secured the identity of the two trucks and their owners through a computer system set up by the Indiana Department of Motor Vehicles.

## ISSUES

1. Whether the State failed to prove by sufficient evidence, that the offense charged was committed or that it was committed by the defendant, Shelby.

2. Whether the court erred in admitting into evidence, over objection of Shelby, certain hearsay testimony relative to motor vehicle license plates.

## DECISION

ISSUE ONE:

Shelby urges that the State failed to prove him guilty of theft beyond a reasonable doubt as charged for the reasons that the State failed to prove Shelby knowingly "obtained or

exerted unauthorized control over the property of the owner" and that the property was "of One Hundred Dollars or more in value." IC 1971, 35-17-5-1, *et seq.*

Considering the evidence most favorable to the State, as is our duty, *Moore* v. *State* (1973), 260 Ind. 154, 293 N.E.2d 28, we have determined that the evidence obtained by the Parke County Sheriff's department identifying the 1968 red Ford pickup truck as being the property of Shelby and the 1970 green Chevrolet pickup as being the property of Carl E. Gayhart, together with the evidence of employees of Dumas Salvage that these men used their trucks to deliver railroad rails, mine rails and other junk to Dumas for sale was sufficient to prove a pattern of use of the trucks by Shelby and Gayhart in disposing of junk whether stolen or owned by one or both of these men.

Mr. Bushong had seen these same two pickup trucks pass his home going north several days in the last of August, 1974, as early as 6:00 to 6:30 A.M. The entrance to the Penn Central's abandoned track where the rails were cut and removed was north of the Bushong home.

It is true that identification must be of such a substantial nature as to remove any reasonable doubt. The identification herein satisfies that criteria. The rule has long been in Indiana that an identification may be established by circumstantial evidence. *Ellis* v. *State* (1969), 252 Ind. 472, 250 N.E.2d 364.

We believe that the evidence adduced in this cause that Shelby had purchased supplies for a cutting torch, his truck was identified as belonging to him, and his use of the same to deliver iron and junk to a junk dealer where he was known over a period of time, on two occasions two men were seen working on the roadbed where the rails were cut and loaded on two trucks, one of which was Shelby's, and the further fact the railroad rails were covered with a tarpaulin when taken past Mr. Bushong's home in the

daytime is sufficient to prove the offense charged was in fact committed by Shelby with an accomplice.

While the evidence disclosed that no one identified Shelby either cutting the rails or loading them in his truck and there is no evidence as to where he sold the exact rails there is adequate circumstantial evidence, under the case of *McAfee* v. *State* (1972), 259 Ind. 687, 291 N.E.2d 554, at 556, to prove his participation in the theft beyond a reasonable doubt.

Our Supreme Court in speaking of circumstantial evidence said in *McAfee* v. *State, supra:*

"Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court."

See also, *Glover* v. *State* (1973), 157 Ind. App. 532, 300 N.E.2d 902.

The evidence leads to one reasonable conclusion, which is that Shelby participated in the crime and he should therefore be convicted. *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E.2d 109, 113.

Shelby further contends the State failed to prove ownership of the missing rails for the reason that Penn Central's detective, Andrew Kosco, was not permitted to prove ownership of the rails and there was no other evidence of ownership. We disagree.

Shelby's pickup was observed loaded to the breaking point shortly after the same witness (Bushong) had seen it being loaded with railroad rails on the Penn Central roadbed where the rails had been removed and cut up.

Mr. Bushong owned the farm next to Penn Central's track and knew it to be theirs. He did business with Penn Central at a fertilizer plant he had next to the track a short distance from the point of the rails' removal. Other witnesses who

were familiar with the railroad knew it was Penn Central's property by reputation alone. Andrew John Kosco, police sergeant for Penn Central, testified he had that portion of the tracks where the rails were stolen under his jurisdiction.

IC (1971), 35-17-5-13 (12) provides:

"(12)  'Owner' means a person, other than the actor, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the actor has no authority to obtain or exert the complained of control over the property. *An inference, as defined in section 13(7) [subsection (7) of this section] of this chapter, that an owner is a corporation, organized and existing as such shall be drawn from any evidence that such owners known by reputation to be a corporation or is held out to the public to be a corporation, or is operating under a name indicating or implying that such owner is a corporation.*" (Our emphasis.)

IC (1971), 35-17-5-13 (7) provides:

"(7)  'Inference' requires that the facts on which it is based shall be treated as prima facie evidence of the fact inferred, with the following consequences among others:

(a)  In the absence of evidence to the contrary the fact inferred is sufficiently proved to take a case to the finder of facts, either court or jury.
*    *    *"

Under the above statute we treat the above facts as prima facie evidence of the fact inferred that Penn Central was the owner of the tracks including the stolen rails, et cetera. There was no evidence to the contrary. The fact of ownership was inferred and was sufficiently proved to take the case to the finder of fact (jury).

ISSUE TWO:

Under this issue Shelby contends that the court erred in admitting into evidence over his objection hearsay testimony relative to vehicle license plates.

Shelby objects to the evidence of a Deputy Sheriff who testified over his objection and charges that the court committed reversible error in permitting Officer Young to testify

relative to results obtained by a computer search relative to numbers taken by eye witness Bushong who secured the license numbers of Shelby's truck, wrote them down and furnished them to a Deputy Sheriff who secured pertinent information from the Indiana Department of Motor Vehicles' computer. Shelby objected on the specific ground that this evidence was *hearsay* and thus it deprived him of his right of cross examination.

Shelby further asserts it was reversible error for the State to not introduce the original notation of the numbers taken by Bushong for confirmation by witnesses testifying as to their activities relative to the numbers.

Hearsay evidence was defined in *Jethroe* v. *State* (1974), 262 Ind. 505, 319 N.E.2d 133 at 138 as follows:

"Hearsay evidence is testimony by a witness in court relative to an extrajudicial declaration by another, which is offered to prove the truth of the facts asserted by the declarant. The value of the witness' statement rests on the credibility of the declarant, and the declarant is not in court available for cross examination. . . ." (Citation omitted.)

We now hold that Mr. Bushong's taking down the license numbers off the two vehicles was his own act. It was not hearsay and was a fact known to Mr. Bushong who was properly permitted to testify as to that fact. Further, Officer Young testified as to the same numbers sent back by the computer and that, too was a fact about which he properly testified.

To have put into evidence the original numbers on the paper they were written on would have been only for the purpose of corroborating the witness' testimony and go to its weight. Likewise, to have permitted Officer Young to have put the numbers together with the make, year and color of the pickup trucks into evidence would only have corroborated his testimony and gone to its weight.

The acts of these two witnesses pertaining to the numbers was merely testimony as to what they did or saw. *United States* v. *Sells* (1974), 476 F.2d 912 at 915.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 350 N.E.2d 652.