GREGORY SMEAD BOWIE, JR. *v.* STATE OF INDIANA

[No. 3-176A8. Filed October 3, 1977.]

*Anthony V. Luber*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *Kenneth R. Stamm*, Deputy Attorney General, for appellee.

STATON, P.J.— A jury deliberated for 9 hours and 55 minutes before it found Gregory Smead Bowie, Jr., guilty of a commission of a felony while armed. During the jury's deliberations, a request was made by five jurors to examine four of eight photographs which they did not have an opportunity to view during the trial due to a mix-up in passing the photographs from the rear row of jurors to the front row of jurors. The photographs had been taken by a movie camera located 8½ feet above the floor and over the doorway of Harry's Liquor Store in South Bend, Indiana, on December 12, 1974, during a robbery. The pictures were of very poor quality. After Bowie had been sentenced for a determinate period of ten (10) years, Alfred Warren, who was arrested two and one-half months after Bowie was sentenced, pleaded guilty to the robbery of Harry's Liquor Store on December 12, 1974, and he revealed to his Probation Officer during a pre-sentence investigation that Clarence Stone, his cousin, was the other man involved in the robbery. Bowie's appeal raises the following issue for our review:

> Is Warren's admission to his Probation Officer which was later reduced to an affidavit of such a nature that it would reasonably and probably result in a different verdict by the jury?

We conclude that the newly discovered evidence may result in a different verdict by the jury. We reverse and grant Bowie a new trial.

> Does Alfred Warren's affidavit have a decisive character sufficient to raise a strong presumption that will, in all probability, result in a different result at a second trial? See

*Marshall v. State* (1968), 254 Ind. 156, 258 N.E.2d 628. Two witnesses, Bowie's sister and grandmother, testified that Bowie was in Kalamazoo, Michigan, at the time of the robbery. A reasonable doubt arises from the evidence, the lack of evidence, or a conflict in the evidence. *Brown v. State* (1977), 266 Ind. 82, 360 N.E.2d 830. And, although identification *may* be established by circumstantial evidence, the identification must be of such a substantial nature as to remove any reasonable doubt. *Shelby v. State* (1976), 170 Ind. App. 22, 350 N.E.2d 652.

The qualifications for newly discovered evidence were enunciated in *Tungate v. State* (1958), 238 Ind. 48, 54-55, 147 N.E.2d 232, 235-236:

"An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. . . ."

Warren's affidavit was discovered after trial; it is material and relevant; it is not privileged or incompetent; it is worthy of credit; and it can be produced upon a retrial of the case.

The only circumstantial evidence which connected Bowie to the robbery was the photographs. These photographs were of very poor quality. Not even the clerk who was present during the robbery could identify Bowie from the photographs nor could the clerk make an in-court identification.

Alfred Warren's confession of guilt and his affidavit which excludes Bowie as an accomplice is new evidence which is only tangentially relevant to the testimony given by Bowie's sister and grandmother. This new evidence is not cumulative, since it does not attempt to substantiate the whereabouts of Bowie and at the same time obfuscate the placement of guilt. The new evidence clearly fixes guilt upon Warren and excludes the

participation of Bowie. Since Warren was a fugitive at the time Bowie was tried, the evidence could not possibly have been available for Bowie's defense. When the new evidence is coupled with the nebulous and tenuous identification evidence presented at Bowie's trial, the only evidence connecting Bowie with the robbery, we are persuaded that a different result might occur upon a retrial.

In *Ward v. State* (1956), 235 Ind. 531, 135 N.E.2d 509, the Indiana Supreme Court considered a situation similar to Bowie's and stated that:

"A new trial should be granted if it appears probable that newly discovered evidence would produce a different result upon a second trial. If the evidence at the trial contained direct testimony and proof of an accused's guilt, although there was also conflicting and contradicting evidence on this point, the granting of a new trial in such a case would be within the discretion of the trial court. Here, however, in view of the circumstantial nature of the evidence, coupled with the confession of Davis, who apparently had some motive, we feel there exists an abuse of discretion in the denial of the motion for a new trial." (Citations omitted.) 235 Ind. 531, 537-538, 135 N.E.2d 509, 511.

The judgment of the trial court is reversed with instructions to grant Bowie a new trial.

Hoffman, J. and Garrard, J., concur.

NOTE—Reported at 367 N.E.2d 1118.