LEWIS JOHNSON *v.* STATE OF INDIANA

[No. 2-1277A447. Filed September 18, 1978.]

---

*John Quirk*, of Muncie, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Terry G. Duga*, Deputy Attorney General, for appellee.

YOUNG, J. — Defendant-appellant, Lewis Johnson, was charged by information with Second Degree Burglary. Johnson was tried by the court without intervention of a jury and found guilty as charged. Defendant alleges as error the admission of certain evidence as well as the sufficiency of the evidence. We affirm the conviction.

The facts relevant to appellant's claims are as follows:

On the morning of April 7, 1977, the police were alerted to the possibility of a burglary at a scrap and bailing corporation in Muncie. Upon arriving at the scene, one of the police officers saw two people exit the building and climb over a fence. He was unable to capture either, but did get a glimpse of the one. The officer described him as approximately six feet tall, medium build, shoulder length dark hair and wearing a green coat of fingertip length with a lighter collar. This description was broadcast to other patrol cars. As a result two suspects were apprehended ten minutes later three or four blocks from the building and taken back to the scene. The officer could not positively identify either but at trial stated an identical description when asked to describe one of the subjects apprehended, the defendant in this case. The officer also described him as having mud and grease on his feet. Further testimony

by the officer included statements that the defendant smelled like the junkyard smells, that the footprints on the door at the point of breaking were outlined with grease and mud and of the same basic configuration as the soles of the defendant's shoe. The officer also stated that the mud and grease on the door was the same as was on the pants and shoes of the defendant and the same as in the junkyard. Johnson was convicted as charged. His Motion to Correct Errors having been overruled, defendant takes this appeal.

Appellant raises as error the admission of the police officer's testimony that the substance on the legs and shoes of the defendant was the same substance found around the premises of the scene of the alleged crime, that the footprints appearing on the door at the point of breaking were the same as the defendant's shoe soles, and that the defendant smelled the same as the junkyard. Also appellant contends that there was insufficient evidence to find him guilty and that finding was contrary to the law.

We will first discuss the admissibility of the officer's testimony and then determine if there was sufficient evidence.

First, appellant alleges as inadmissible the officer's testimony to the effect that the substance observed on the legs and shoes of the defendant was the same as found around the premises of the junkyard. Johnson contends that there was no proper foundation for the comparison. The officer testified that defendant's shoes and the lower part of his pants were covered with mud and grease; that there was a large amount of grease near the fence over which he observed the two subjects escape; that there was mud and grease around the footprints at the point of breaking, having been left because of the mud and grease in the junkyard; that the mud and grease around the footprints was the same mud and grease on defendant's pants and shoes. Defendant objected to a comparison of the footprints to defendant's shoe stating "he has not laid a foundation for this man to be an expert on the judgment or the comparing of footprints to feet." After this objection was overruled, the officer made the comparison of footprints and continued to say that the mud and grease which made the footprints on the door was the same as that which was on Johnson's shoes. Defendant made no objection to this comparison. Later the officer testified that there was a

large amount of grease in the junkyard and it was the same as was on the defendant's pants and shoes. Defendant objected to *this* comparison. The State agreed to restrict the testimony to the amount of grease in the junkyard omitting the comparison. The comparison to which defendant is objecting is therefore not in evidence.[1]

Next appellant alleges as error the admission of a comparison of Johnson's foot to the footprint on the door at the point of breaking. Appellant contends that there was no proper foundation for a comparison by the police officer and the officer was not an expert. The officer testified that he examined the footprints on the door and he also examined the soles of Johnson's shoes. The officer testified that the shoe was a workboot, the type a construction worker might wear. He also testified that the marks on the door were the same configuration as that of the defendant's shoe sole. On cross-examination the officer stated that he took no measurements and could remember the configuration of the soles, but that it would be difficult to describe.

Indiana has permitted the introduction of the existence of footprints

---

1. The relevant portion of the transcript is as follows:

Q. And is there anything about the two subjects that had to do with that particular location?

A. Yes, sir. The grease, behind the fence stacked up so you can't see it in this picture are engine blocks, transmissions, ironshavings and what have you, all of them have a large amount of grease on them. This was the same grease that was on Lewis Johnson's shoes.

| JACK QUIRK: | I am going to object to that, judge because it is not responsive, first of all he has ran in so I could not have a chance to object to it. Secondly, because again it calls for a conclusion and he is not competent to make. I ask that that be stricken. |
|---|---|
| RICHARD HARKNESS: | I will agree to restrict testimony to the extent that the conclusion that the same grease that that portion of testimony be stricken but I will ask that the testimony that there is a large amount of grease and at that particular location be admitted. |
| JUDGE: | The objection is overruled. Admitting the part as the same. |

No further objection was taken. Our reading of the above colloquy reveals that the evidence of comparison to which defendant objected was not admitted. Only the part relating to amount was admitted into evidence.

apart from comparison. *Foreman v. State* (1938), 214 Ind. 79, 14 N.E.2d 546. Evidence of the character of footprints found where the crime is discovered and of the similarity of those footprints to the shoes worn by the defendant is admissible to identify him as the guilty person. Ordinarily, this matter of identity is, of necessity, a matter of opinion. Upon a question of identity of an accused in a criminal case as the person committing the crime, opinion testimony based upon a comparison is admissible. For the reason that footprints are large and the points of similarity are obvious (contrasted with fingerprints or palmprints), expert testimony is not required and the comparison may properly be made a subject of non-expert testimony. A witness is generally allowed to give his opinion as to their similarity, *provided he bases his conclusion on measurements or peculiarities of the footprints.* In some cases this provision has been relaxed and a witness may testify to his belief of similarity, but we think the better view is to require measurements or some definitive statement about peculiarities or identifying characteristics. This allows the trier of fact to determine the weight and credibility to be given the comparison. *See, Biggs v. State* (1929), 201 Ind. 200, 167 N.E. 129. *See also,* 31 Am.Jur.2d § 124, 35 A.L.R.2d 852, at 876, and cases cited therein.

We find error in admitting the *comparison* of footprints to defendant's foot (shoe) because the witness failed to take measurements of the prints or testify specifically about any common peculiarities between the shoe and the print. The trier of fact could not determine what weight and credibility should be given to the comparison without these facts. Such error was harmless in this instance. In a trial to the court, the admission of incompetent evidence over objection will not ordinarily be a ground for reversal if there was other competent evidence sufficient to support the findings. The judge will be presumed to have disregarded the inadmissible and relied on the competent. *Misenheimer v. State* (1978), 268 Ind. 274, 374 N.E.2d 523; *Fletcher v. State* (1976), 264 Ind. 132, 340 N.E.2d 771; *Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822; *Trinkle v. State* (1972), 259 Ind. 114, 284 N.E.2d 816. We will examine sufficiency later.

A third error alleged in the admission of testimony is the officer's statement that the defendant smelled the same as the junkyard. Ap-

pellant failed to properly raise this error at trial. Although defendant's counsel did object to the statement, the objection was not stated with the requisite specificity. It has long been held that a general objection without stating grounds therefor, preserves nothing for appeal and will not be reviewed. *Strickland v. State* (1977), 265 Ind. 664, 359 N.E.2d 244; *Gurley v. State* (1976), 264 Ind. 552, 348 N.E.2d 16; *Smith v. State* (1974), 159 Ind.App. 438, 307 N.E.2d 875.

Finally, appellant alleges that the evidence was insufficient to support a finding of guilty and was therefore contrary to the law. Johnson does not contest that the State proved the crime of second degree burglary. He submits that the State failed to prove by competent evidence that appellant was the person who committed that burglary. We will discuss only that contention.

The standard of review of sufficiency is stated in several recent opinions:

> When the sufficiency of the evidence is raised upon appeal, this Court will consider only the evidence which is favorable to sustain the judgment below, together with all reasonable inferences to be drawn therefrom. If the evidence is such that a reasonable trier of fact could find each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed. *Baum v. State*, (1976) [264] Ind. [421], 345 N.E.2d 831. It is not this Court's province to judge the relative weight of the evidence or the credibility of the witnesses. *Rosell v. State*, (1976) [265] Ind. [173], 352 N.E.2d 750.

*Owens v. State* (1978), 268 Ind. 326, 375 N.E.2d 203; *Hudson v. State* (1978), 268 Ind. 310, 375 N.E.2d 195; *Brandon v. State* (1978), 268 Ind. 150, 374 N.E.2d 504; *Grimm v. State* (1978), 268 Ind. 145, 374 N.E.2d 501.

The evidence linking the defendant to the crime is circumstantial. Identification must be of such a substantial nature as to remove any reasonable doubt; however, identification may be established by circumstantial evidence. *Bowie v. State* (1977), 174 Ind.App. 366, 367 N.E.2d 1118; *Shelby v. State* (1976), 170 Ind.App. 22, 350 N.E.2d 652. Speaking of circumstantial evidence the Supreme Court of Indiana said:

> "Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of in-

nocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court."

*McAfee v. State* (1972), 259 Ind. 687, 291 N.E.2d 554, 556. The evidence shows that defendant was found in proximity to the junkyard, and that identical descriptions were given of the escaping subject and defendant after apprehension.[2] There was testimony that there was mud and grease on his shoes; that there was grease in the junkyard; that there was mud and grease around the footprint on the door at the point of the breaking; the mud and grease on the door around the footprint was the same as the mud and grease on defendant's pants and shoes; and that defendant smelled the same as the junkyard. We find that this is sufficient to identify defendant as the perpetrator of the crime under the above criteria. Inferences may be reasonably drawn from the above evidence to support the finding of the trial court.

Judgment affirmed.

Lybrook, P.J., concurs (sitting by designation).

Robertson, J., concurs (sitting by designation).

NOTE—Reported at 380 N.E.2d 566.

---

2. Although neither party has discussed *Hardy v. State* (1974), 159 Ind.App. 409, 307 N.E.2d 292, we think that its similarity to the case at bar warrants distinguishing. In *Hardy* the Court of Appeals of Indiana, First District, wrote:

The only evidence produced by the State which even tended to connect Hardy with the crime charged was the testimony of two police officers. Officer Luck observed a person running from the scene of the crime. The crime occurred at night, and the officer did not see the fleeing person's face. The following exchange occurred in direct examination:

"Q. Why is it that you believed it was Jay Hardy and, in fact, told some other officers that it was?

A. Well, I really am not sure. I had seen Jay Hardy several times just from my patrol duty or whatever and when I saw him, the build, the hair, the dress, everything more or less rung a bell in my mind."

The fleeing suspect wore blue jeans and a white T-shirt. Officer Luck stated that that had been Hardy's attire nine-tenths of the times he had seen Hardy in the past. On cross-examination he stated that he could not make positive identification that Hardy was the person he saw. Officer Williamson also testified that the fleeing suspect was Jay Hardy. However, on cross-examination he likewise stated that he could not make a positive identification. There was no circumstantial evidence offered which placed or tended to place Hardy at the scene of the crime.

In the case at bar we find other circumstantial evidence sufficient to overcome the insufficiency of identification standing alone.