James E. SCHUSTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 3–1079A279.

Court of Appeals of Indiana,
Third District.

June 19, 1980.

Rehearing Denied July 25, 1980.

James L. Wieser, Highland, for appellant.

Theo. L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

James E. Schuster was convicted of arson in the second-degree on November 10, 1978. Judgment was entered and counsel initiated this appeal. The facts most favorable to the State show that on July 4, 1977, in the early morning hours, fire destroyed a warehouse located at 3311 Liverpool Road, Lake Station, Lake County, Indiana. An investigation revealed that the fire was caused by gasoline which had been poured over three rubber tires and ignited. Police Officer David Reynolds investigated the incident and received information leading him to believe that Charlie Parker was responsible for setting the fire. Mr. Parker lived across the street from the warehouse and the defendant, James Schuster, was his next door neighbor. During the investigation Officer Reynolds gave information to Special Agent Edward Verkin of the U.S. Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, concerning his suspicions about Charlie Parker. Agent Verkin knew Mr. Parker and offered to talk to him about the incident.

On July 27, 1977 Agent Verkin, acting in an undercover capacity, went to Mr. Parker's home and found no one there. He saw the defendant next door and pulled into his driveway. Mr. Schuster came over to the car and began a conversation. Agent Verkin inquired as to the whereabouts of Mr. Parker and indicated he had a job for Parker. Schuster asked about the job and Verkin responded that he wanted a liquor store in Chicago burned and that he heard Parker might be in the burning business. Schuster then stated, "We both are. Charley [sic] is really good at it. We are both into it." Verkin asked for an example of his work and Schuster pointed to the warehouse across the street and said, "We did that on the 4th of July." He then elaborated on the details of the fire and the property which had perished. He added that he and Parker would be glad to do a job for Verkin, and Verkin told him there would be good money in it.

Both Parker and Schuster were arrested and charged with second-degree arson.

The State's motion to sever the trials of the defendants was granted.

In this appeal, Schuster first alleges that the trial court erred in refusing to grant a new trial on the grounds that the defendant uncovered newly discovered evidence which was material to his defense and which, with reasonable diligence, could not have been discovered and produced at trial. This new evidence consisted of an affidavit and testimony by the co-defendant, Charlie Parker, in which he stated that he, and he alone, started the fire for which Schuster was convicted. Parker offered this statement after being fully advised by counsel of his right to remain silent and the potential future use of his statement against him.

The granting of a new trial based on newly discovered evidence is a determination which lies within the sound discretion of the trial court. As the Indiana Supreme Court stated in *Ward v. State* (1956), 235 Ind. 531, at 537, 135 N.E.2d 509, at 511:

"Newly discovered evidence as a basis for a motion for a new trial is received with great caution and should be carefully scrutinized.

\* \* \* \* \* \*

"A new trial should be granted if it appears probable that newly discovered evidence would produce a different result upon a second trial. If the evidence at the trial contained direct testimony and proof of an accused's guilt, although there was also conflicting and contradicting evidence on this point, the granting of a new trial in such a case would be within the discretion of the trial court."

The specific standard of proof has been clearly established.

" 'An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6)

that due diligence was used to discovered it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case and (9) that it will probably produce a different result. *Cansler v. State,* (1972) 258 Ind. 450, 281 N.E.2d 881; *Tungate v. State,* (1958) 238 Ind. 48, 147 N.E.2d 232.' *Emerson v. State,* (1972) 259 Ind. 399 at 406–407, 287 N.E.2d 867 at 871–872." *Vacendak v. State* (1976), 264 Ind. 101, at 109, 340 N.E.2d 352, at 357.

■ One of the principal elements which the defendant must prove is that the evidence is worthy of credit. In this regard, the affidavit and testimony of Mr. Parker cannot survive close scrutiny. At a hearing on the motion to correct errors, the State produced a voluntary statement made by Mr. Parker on August 5, 1977, in which he stated that the defendant Schuster had helped him start the fire. His testimony at the hearing completely contradicted the August 5th statement. This evidence significantly diminishes Mr. Parker's credibility.

The trial court also found that Mr. Parker would bring no additional harm to himself by confessing to the crime for which his friend had been convicted. At the time of the hearing Mr. Parker was serving a prison term of six and one-half years in the federal correctional system. Any later conviction and prison term for this arson would be served concurrently with the term he was already serving. Therefore, he had nothing to lose by confessing. This fact further weakens his credibility.

Defendant cites the case of *Ward v. State, supra,* in support of his contention that a new trial is necessary. In that case a new trial was ordered when another individual later confessed to the crime. The evidence upon which Ward's conviction was based was "circumstantial and speculative at the most." (135 N.E.2d at p. 511). The Supreme Court ruled that the circumstantial evidence, coupled with the confession of an individual who had a motive to commit the crime, could have resulted in a different verdict at a new trial. In the present case, however, direct evidence exists to implicate

Schuster and the later confession of his co-defendant is of questionable merit. Therefore, *Ward* is not controlling in this case.

*Bowie v. State* (1977), Ind.App., 367 N.E.2d 1118 is also cited by the appellant. Again, the evidence used to convict was of a "nebulous and tenuous" nature and the later confession was deemed worthy of credit. Therefore, *Bowie* is distinguishable.

■ Although determining the credibility of witnesses is normally the function of a jury, the trial court must make this decision when ruling on a motion for a new trial. Upon appeal the standard of review for an abuse of discretion in denying the motion is whether the trial court could have reasonably determined that a different result would not be probable in a new trial. *Schwartz v. State* (1978), Ind.App., 379 N.E.2d 480. Here, the trial court correctly determined that the new evidence was not of sufficient credibility to cause a different result.

■ Counsel has also failed to demonstrate due diligence in discovering this evidence. Parker testified that he communicated with Schuster once every week or two throughout the time he was incarcerated and that he told Schuster a couple of months before trial that he would testify and claim total responsibility for the arson. Therefore, this evidence was not newly discovered after the trial.

The second error raised by Schuster challenges the admissibility of Agent Verkin's testimony. An incriminating conversation which occurred in the defendant's driveway formed the basis of the agent's statement. Schuster argues that Verkin's failure to identify himself as a special agent and inform Schuster of his constitutional rights renders this evidence illegal and inadmissible. The famous case of *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 requires a reading of rights when an individual is taken into custody or otherwise deprived of his freedom in any significant way. Schuster now invites this Court to extend the *Miranda* case to non-

custodial interrogations. The courts of this state have consistently declined to do so. In *Johnson v. State* (1978), Ind., 380 N.E.2d 1236, at 1240, the Supreme Court ruled:

"The concept of custodial interrogation does not operate to extend the *Miranda* safeguards to spontaneous voluntary statements, i. e., statements which are either not made in response to questions posed by law enforcement officers while the defendant is in custody, or statements which are made before the officers are given an opportunity to administer the *Miranda* warnings. *New v. State* (1970), 254 Ind. 307, 259 N.E.2d 696. Nor does *Miranda* apply to questioning by police in the course of a *general nonaccusatory, investigation of a crime.* [Citations omitted]

\*     \*     \*     \*     \*     \*

"Rather, it is necessary to view the statement in the context in which it was made. If, after having done so, it does not appear that the purpose of the remark was to obtain a confession from the accused, *Miranda* is not triggered and it is not necessary that the accused first be advised of his rights." (Emphasis added)

*See also: Bates v. State* (1973), 155 Ind. App. 619, 294 N.E.2d 185.

■ In this case, Agent Verkin's investigation was focused on Charlie Parker, not the defendant Schuster. The defendant was free to terminate the conversation at any time and simply walk away. His choice to continue the conversation does not render the evidence inadmissible.

Schuster also alleges that the confession was not voluntarily made but was illegally induced by Agent Verkin's promise of payment for another job. IC 1971, 35–1–31–5 (Burns Code Ed.) reads:

"Confessions—Admissibility and sufficiency.—The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influences; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence."

No influence of fear was present in this case; Schuster willingly made his confession to impress Agent Verkin. Clearly, it is admissible under Indiana law.

■ Appellant next alleges that the State failed to prove the warehouse was "the property of another" and, therefore, failed to establish one of the essential elements of second-degree arson. The testimony of John O'Dell plainly established that O'Dell was buying the land and buildings located at 3311 Liverpool Road in Lake County, Indiana on a land contract from Mr. Bernard Bojarski who was the owner of record. O'Dell lived in another building located at the same address and both O'Dell and Bojarski were leasing the warehouses or portions thereof to third parties for business purposes. Appellant's argument is without merit.

■ The fourth issue alleges that the State failed to prove the fire was not started by accidental causes.

"The rule in Indiana is that the state has the burden of showing the fire was from other than accidental causes, and absent this showing the fire will be presumed to be accidental. The law implies that the fire accidentally resulted from some providential cause, rather than from a criminal cause, unless the evidence proves otherwise."

*Ellis v. State* (1969), 252 Ind. 472, at 477, 250 N.E.2d 364, at 366 (overruled, in part, on other grounds at 288 N.E.2d 737).

Robert Throwbridge, assistant fire chief of the Portage Fire Department and trained arson investigator, testified that the fire was caused by gasoline on the ground outside of the building. Natural weather conditions, electrical wiring and fireworks were all eliminated as possible causes. Laboratory analysis of dirt samples taken from the fire area revealed components of gasoline and rubber. Therefore, the reasonable inference arises that this fire was caused by arson.

■ Finally, the defendant challenges the sufficiency of the evidence. The facts

most favorable to the State, as set forth in the beginning of this opinion, are adequate to support this conviction. This Court will not reweigh the evidence on appeal. *Jones v. State* (1978), Ind., 377 N.E.2d 1349.

The judgment is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.