Melvin Randy NELSON, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 4–182A26.

Court of Appeals of Indiana, Fourth District.

June 28, 1982.

---

1. For the original decision in *Kuhn, see* 402 N.E.2d 38.

Robert M. Schwerd, Smith, Hilbrich, Cunningham & Schwerd, Highland, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

After a bench trial, defendant-appellant Melvin Randy Nelson, Jr. was convicted of robbery. Nelson filed a petition seeking post-conviction relief which was denied. He appeals from the denial of that petition.

We affirm.

The facts most favorable to the State show that on August 26, 1967, the defendant walked into the Vowell Liquor Store in Gary, Indiana. After a five minute conversation with Mrs. Vowell, the defendant drew a pistol from his belt and demanded money. Mrs. Vowell gave him the money. The defendant then told Mrs. Vowell to "lay [sic] down on the floor like a dog," and left. The defendant was arrested later that day.

The defendant raises the following issues on appeal: [1]

1. Whether it was reversible error for the trial judge to fail to disqualify himself *sua sponte.*

2. Whether it was reversible error to permit the victim to identify the defendant.

3. Whether it was reversible error for the trial court to permit the victim to testify concerning a lineup.

4. Whether it was reversible error for the trial court, in a bench trial, to deny the defendant's request to ask the victim questions on *voir dire.*

5. Whether it was reversible error, in a bench trial, for the trial court to permit evidence that the defendant had committed other crimes.

◼ Nelson first contends that the trial judge committed reversible error by failing to disqualify himself *sua sponte.* The trial judge had prosecuted the defendant for an unrelated crime approximately two and one-half years before the present case

came to trial. The defendant did not move for a change of venue or judge and raised the issue for the first time in his motion to correct errors. "A judge has the discretionary power to disqualify himself *sua sponte* whenever any semblance of judicial bias or impropriety comes to his attention." *Singleton v. State,* (1977) 173 Ind.App. 606, 608, 364 N.E.2d 1041, 1042. Additionally, where a judge has an actual prejudice in a case, justice requires that he disqualify himself from the case. *Stein v. State,* (1975) 166 Ind.App. 133, 334 N.E.2d 698. The record contains no objective evidence of actual prejudice by the trial judge so as to require his disqualification to ensure a fair trial. Nor do we believe that the trial judge abused his discretion by not disqualifying himself. The record is devoid of any indication that the trial judge was ever aware of any prior contact with the defendant. Furthermore, even if he had been aware of the prior contact he was not required to disqualify himself. A trial judge is not required to disqualify himself from hearing a criminal case because he prosecuted the defendant on a separate and unrelated charge. *See Jenkins v. Bordenkircher,* (6th Cir. 1979) 611 F.2d 162, *cert. denied,* (1980) 446 U.S. 943, 100 S.Ct. 2169, 64 L.Ed.2d 798. *See generally* Annot., 72 A.L.R.2d 443 (1960). *Cf. Bentley v. State,* (1981) Ind., 414 N.E.2d 573 (judge is not required to disqualify himself from hearing a criminal case because he once served as the defendant's parole officer). Thus, the trial judge did not err by failing to disqualify himself.

◼ The defendant next contends that the trial court erred in allowing Mrs. Vowell to identify the defendant in court. The defendant contends that the in-court identification was tainted by an out-of-court lineup.[2] The State, however, con-

1. The defendant's issues five and six have been combined and the other issues have been restated and renumbered for clarity.

2. The trial court granted the defendant's motion to suppress Mrs. Vowell's testimony concerning the police lineup. However, as will be seen *infra* Mrs. Vowell did testify concerning the lineup. The defendant's brief does not con-

tain any arguments explaining how the lineup violated his rights and thus tainted the in-court identification. Therefore, the defendant's contentions must be rejected because they were waived, in addition to the other reasons set forth.

tends that there was a sufficient independent basis for the identification. Mrs. Vowell's in-court identification of the defendant was admissible if the State presented clear and convincing evidence of a basis for the identification independent of the police lineup. *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193, *cert. denied*, 423 U.S. 870, 96 S.Ct. 135, 46 L.Ed.2d 100. *See United States v. Wade*, (1967) 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Clear and convincing evidence would include information concerning the following:

> the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup.

*Swope, supra* at 197, 325 N.E.2d 193 (quoting *Wade, supra* 388 U.S. at 241, 87 S.Ct. at 1939). The Indiana Supreme Court has noted that the following factors are relevant when considering the opportunity of the witness to observe the person who committed the crime: "the length of time the witness was in the presence of the perpetrator, the distance of the witness from him, the lighting conditions at the time, capacity for observation by the witness, opportunity to observe particular characteristics of the criminal." *Swope, supra*, 263 Ind. at 197, 325 N.E.2d 193 (quoting *Dillard v. State*, (1971) 257 Ind. 282, 289, 274 N.E.2d 387, 389).

▮ In the present case, the court could have found that Mrs. Vowell's in-court identification had a basis independent from the lineup. Mrs. Vowell testified that she observed the defendant for five or more min-

utes at very close range. She further testified that since the defendant was behaving suspiciously, she tried to get "a good look at him." She was able to describe the defendant's appearance and clothing to the police in great detail. She also testified that the defendant was wearing the same clothing at trial as he wore when he committed the robbery. Mrs. Vowell identified the defendant at the lineup [3] and at trial unequivocally. Considering all of these factors, we think that there was a sufficient independent basis for Mrs. Vowell's identification of the defendant. Her testimony was admissible and the trial court did not err in allowing it.

▮ The defendant next contends that it was error for the trial court to allow Mrs. Vowell to testify concerning the lineup. The defendant's motion to suppress Mrs. Vowell's testimony concerning the lineup was granted by the trial judge. However, at trial the defendant did not object to the mention of the lineup until after he had asked several questions about it on cross-examination. No error is preserved unless evidence is objected to at trial, even if the same evidence was the subject of a suppression order prior to trial. *See Pointon v. State*, (1978) 267 Ind. 624, 372 N.E.2d 1159. By failing to object to this testimony at the earliest opportunity, the defendant has waived his right to challenge the admission of the evidence on appeal. *Moore v. State*, (1979) Ind.App., 395 N.E.2d 1280. The defendant's failure to make a timely objection to Mrs. Vowell's testimony concerning the lineup waives any error made by the trial court in allowing that testimony.

▮ The defendant further contends that the trial court abused its discretion in denying the defendant's motion to *voir dire* Mrs. Vowell. Specifically, the defendant argues that he was prevented from determining what Mrs. Vowell's identification testimony was going to be and was there-

---

**3.** There is no evidence that the lineup was conducted in a manner prejudicial to the defendant. Although it is not completely clear, the trial judge apparently originally granted the

motion to suppress because the defendant was not allowed to have his attorney present during the lineup.

fore effectively prevented from making a timely objection to such testimony. We disagree. If the defendant wished to determine what Mrs. Vowell's testimony was going to be, he could have deposed her. He was not prevented from making timely objections. He was free to object when Mrs. Vowell mentioned the lineup or identified the defendant. Since this was a trial to the court, the defendant would not have been prejudiced by having the jury hear inadmissible evidence. If a timely objection is made the trial judge will be presumed to have disregarded inadmissible evidence. *Johnson v. State*, (1978) Ind.App., 380 N.E.2d 566. Thus, the defendant was not prejudiced by the trial judge's failure to allow him to *voir dire* Mrs. Vowell, and the trial judge did not abuse his discretion.

■ The defendant's final contention is that the trial court erred in permitting two witnesses to testify about other crimes committed by the defendant. "In a trial to the court, the admission of incompetent evidence over objection will not ordinarily be a ground for reversal if there was other competent evidence sufficient to support the findings. The judge will be presumed to have disregarded the inadmissible and relied on the competent." *Id.* 380 N.E.2d at 569. The testimony of Mrs. Vowell provided sufficient competent evidence to support the finding of guilt by the judge. She testified that she was robbed at gunpoint and identified the defendant as the one who committed the robbery. This evidence is sufficient to support the judge's findings. Therefore, the admission of the incompetent evidence does not require reversal.

Affirmed.

MILLER, P. J., and CONOVER, J., concur.